Turley, J.
delivered the opinion of the court.
The only question presented in this case is, whether the complainant, a bastard child, can as the representative of her mother, inherit the estate, real and personal, of her grandfather.
It is very clear that she cannot. In the latin of the common law, á bastard is styled, films nullius; he therefore has no heritable blood, and could not, by the principles of the common law, inherit any estate, whether real or personal, no matter from whom descending, though it were from his mother.
The act of 1819, chap. 13, sec. 1, has, to a certain extent modified this principle. It provides that, “when any woman shall die intestate, leaving natural bom child or children, and no legitimate child or children, such natural born child or children, shall take, by the general rules of descent and distribution, the estate, real and personal, of his, her or their mother, and should either of such children die intestate without child, his or her brothers and sisters shall in like manner take his or her estate.”
This modification does not go to the extent insisted on for the complainant. It only makes the base born child, the heir and distributee of the mother, if she have no legitimate child, but extends the right no higher, and of course, such child can inherit no estate, real or personal, under its provisions, from any relative lineal or collateral of the mother, but to this extent remains subject to the disabilities of the common law. This complainant then *464 is not the heir or distributee of her maternal grandfather, and we, therefore, affirm the decree of the Chancellor, dismissing her bill of complaint.